# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# WESTERN DIVISION

IN RE:                                                                          BK 08-72109-CMS-13

**JAMES SCOTTIE MAJORS**

      **DEBTOR**

## MEMORANDUM OPINION

This matter came before the court on December 2, 2008, for hearing on the Motion for Relief from the Automatic Stay in Order to Proceed With Eviction/Ejectment in State Court ("Motion for Relief") filed by First United Security Bank ("Movant"). Rachel L. Webber appeared on behalf of Movant and Eric M. Wilson appeared on behalf of James Scottie Majors ("Debtor"). After consideration of the arguments of the parties, the court will **DENY** the Movant's Motion for Relief for the reasons that follow.

## FACTS

Debtor filed this voluntary chapter 13 case on September 26, 2008. Movant filed its Motion for Relief on November 11, 2008, seeking relief from the automatic stay as to real property located 1115 Centreville Street, Greensboro, Alabama 36744 ("Property") upon which Movant holds a mortgage.

Debtor listed the Property on Schedule A of his voluntary petition, asserting that the Property constituted his homestead and that he owned the Property in fee simple. However, the evidence at the hearing shows that the Debtor does not have any ownership interest in the Property. The

1

Property was originally purchased by Janet Majors in July of 1992, while she and the Debtor were still married. The Debtor and Janet Majors divorced in March of 2007 and entered into a Marriage Settlement Agreement ("Agreement"). Paragraph 3 of the Agreement provides:

> The parties acknowledge and agree that [the Property] shall remain jointly owned by the parties; [Debtor] shall complete any repairs necessary to the home to place the home in a condition suitable for sale, and shall expend up to Three Thousand Five Hundred ($3,500.00) Dollars for material and labor necessary to complete the repairs. The repairs shall be completed within sixty (60) days, and the [Debtor] shall provide receipts for any expenditures concerning said repairs to the attorney for his Wife, and to his own attorney. At the time of the sale, the expenses of sale, any real estate commission, the bank note, and any expense reimbursement to the [Debtor] shall come from the proceeds, with the remainder of the proceeds to be split equally.

Although the Agreement provides that the Property would remain jointly owned by the Debtor and Janet Majors, this does not have the effect of granting the Debtor an ownership interest in the Property. The Property is titled solely in Janet Major's name and the Agreement did not vest title to the property in the Debtor. However, the Agreement does have the effect of granting the Debtor an interest in one half of the net proceeds of the sale of the Property, i.e., a one half interest in the equity of the Property. Debtor's plan and schedules reflect that the value of the Property is $75,000.00 and that the debt owed to the Movant pursuant to the promissory note dated June 11, 2008 ("Note") is $17,555.44. The principal balance of the Note was $17,074.23. The Note also stated that the purpose of the loan was business.

The Debtor testified that the Property was a vacant rental house that was not habitable at the time of the Agreement, but that he undertook repairs as anticipated under the Agreement and moved into the Property in April of 2008. Although the Debtor testified that he moved into the Property in April of 2008 and has resided there since, he listed his address as 1104 Centreville Street on both the

Note and his bankruptcy petition. Debtor explained that he listed his address as 1104 Centreville Street for convenience. He had lived in the house at 1104 Centreville Street prior to moving into the Property, and that because the Property is currently listed for sale and the Property does not have a mail box, he continued to receive his mail at 1104 Centreville Street. The Debtor further testified that if he could no longer live in the Property, he owns a "camp house or mobile home" in which he could live.

**CONCLUSIONS OF LAW**

In ruling on the Movant's Motion for Relief, the court must first determine whether the automatic stay arose in this case as to the Property even though the Debtor has no ownership interest in the Property. In making this determination, the court would first note that no co-debtor stay arose in this case as the debt owed to the Movant is a business (not a consumer) debt. 11 U.S.C. § 1301.

The Debtor, in his opposition to the Motion for Relief, seemed to assert that he is entitled to claim the Property as his homestead, and claim the requisite homestead exemption, because he is living in the Property, and that such entitlement somehow constitutes sufficient interest in the Property to trigger the automatic stay. However, Alabama law is clear that a debtor may not claim a homestead exemption unless the debtor has an ownership interest in the homestead.[1] ALA. CODE § 6-10-2 (1975); Central Bank of Alabama v. Gillespie, 404 So. 2d 35, 38 (Ala. 1981) (quoting Beard v. Johnson, 6 So. 383 (Ala. 1889)) ("'It is manifest that ownership, entire or partial, in fee or for a term, is one of the essentials of rightful claim of homestead exemption. If there is no ownership, there is . . . no occasion or field of operation for the claim of exemption.'"); In re Rutland, 318 B.R. 588,

---

[1] Alabama law controls because Alabama has opted out of the federal exemptions allowed to title 11 debtors. ALA. CODE § 6-10-11 (1975).

3

590 (Bankr. M.D. Ala. 2004) (stating that "under Alabama law there are two prerequisites for a rightful homestead exemption claim: ownership and occupancy"). The evidence shows that the Property is solely owned by the Debtor's ex-wife, and that the only interest that the Debtor has in the Property itself is one of possession. The Supreme Court of Alabama has held that more than mere possession is needed in order to claim a homestead exemption. In re Winston v. Hodges, 15 So. 528, 530 (Ala. 1894) ("We have found no case, however, which has gone to the extent of holding that a homestead right, even inchoately, could attach to premises in which the occupant neither owned nor claimed to own any right or interest."). Therefore, because the Debtor has no interest in the Property, other than the right to receive one half of the net proceeds from any sale of the Property, the Debtor has no right to claim a homestead exemption in the Property.

However, while the mere possession of real property is not sufficient to entitle a debtor to claim a homestead exemption, that is not to say that mere possession is not sufficient to trigger the imposition of the automatic stay with respect to such real property. "The [automatic] stay is pervasive, and . . . it bars the dispossession of a debtor from realty even when the debtor has 'only a bare right of possession unsanctioned by law,' such as the interest of a tenant at sufferance." In re Black, 58 B.R. 60, 62 (Bankr. E.D. Pa. 1986) (quoting In Re Law Clinic of Mott & Grey, P.C. 39 B.R. 73, 74 n.3 (Bankr. E.D. Pa. 1984)). See also Steele v. Premier Capital, L.L.C. (In re Steele), 297 B.R. 589, 593 (Bankr. E.D. Mo. 2003) (holding that "the Debtor's possessory interest in residential real property is property of the estate that is protected by Section 362"). The evidence shows that Debtor is currently in possession of the Property, and there is no evidence that Debtor's ex-wife disapproved of his possession. Therefore, the imposition of the automatic stay was triggered as to the Property upon the filing of the Debtor's voluntary petition and any creditor is required to seek relief from the

4

automatic stay before commencing or continuing any action against such Property.

Having determined that the automatic stay did arise in this case as to the Property, the court must now decide whether Movant is entitled to relief from the automatic stay. Relief from the automatic stay is authorized by section 362(d) of the Bankruptcy Code which provides, in pertinent part:

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay-
> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;
> (2) with respect to a stay of an act against property under subsection (a) of this section if-
> (A) the debtor does not have an equity in such property; and
> (B) such property is not necessary to an effective reorganization.

11 U.S.C. § 362(d). This court will first determine whether "cause" exists to grant relief from the automatic stay pursuant to section 362(d)(1). Pursuant to Section 362(g) the Debtor bears the burden of showing that "cause" does not exist.

Debtor's plan, which has not been confirmed and is set for hearing on confirmation on January 13, 2009, proposes to pay the Note held by Movant in full at the contract rate of interest at $365.96 per month. In addition to the adequate protection provided for by the Debtor's plan, the Movant is also protected by a substantial equity cushion in the Property. Debtor's plan and schedules reflect that the value of the Property is $75,000.00 and that the debt owed to the Movant pursuant to the promissory note dated June 11, 2008 ("Note") is $17,555.44. Therefore, this court finds that the Movant is adequately protected, and that lack of adequate protection does not constitute "cause" for relief from the stay in this case. However, lack of adequate protection is only one possible "cause" to grant relief from the automatic stay. This court believes that the lack of any ownership or equitable

5

Case 08-72109-CMS13    Doc 30    Filed 12/18/08    Entered 12/18/08 15:49:02    Desc Main
Document      Page 5 of 7

interest by a debtor in property could also potentially constitute "cause," but such lack of interest is not present in this case. The evidence indicates that the Debtor has a large equitable interest in the Property, consisting of one half of the net proceeds of the sale of the Property. As such, the Debtor, and therefore the Debtor's estate, has a real monetary interest in the Property. Therefore, the Debtor's lack of ownership in the Property does not constitute "cause" for relief from the stay in this case. The only other evidence of "cause" to modify the stay was that the Debtor was not making payments under the terms of the Note. Unfortunately, this is the case in almost all bankruptcy cases when filed, and that alone is not cause to lift the stay when there is such a large equity cushion. Therefore, for the reasons detailed above, the stay is not due to be modified under section 362(d)(1) "for cause."

The last issue before this court is whether the stay should be modified pursuant to section 362(d)(2). Section 362(d)(2) provides that the stay shall be modified as to property if a debtor does not have equity in such property and such property is not necessary for an effective reorganization. Pursuant to section 362(g), the Movant bears the burden of proof as to the Debtor's lack of equity and the Debtor bears the burden of proof on all other issues. As detailed above, the debtor is entitled to one half of the net proceeds of the sale of the Property. This court finds that such an entitlement constitutes equity within the meaning of section 362(d)(2). Therefore, the Movant failed to prove that the Debtor does not have an equity in the Property. In addition, the Debtor's testimony indicates that the sale of the Property, while not strictly necessary for his reorganization, would certainly aid the Debtor in his reorganization effort. The Debtor testified that the Property is currently listed for sale. Any sale would pay the Movant's debt of approximately $17,500.00 in full. Once paid in full, the debt and the $365.96 fixed payment on the debt would be removed from his plan. From the standpoint of providing a place to live, there is no evidence that the Property is necessary for an

6

Case 08-72109-CMS13   Doc 30   Filed 12/18/08   Entered 12/18/08 15:49:02   Desc Main
Document      Page 6 of 7

effective reorganization because the Debtor testified that he has an alternative place to live. However, the ability to pay off the $17,500.00 debt and potentially realize in excess of $25,000.00 from the sale of the property would certainly contribute to his reorganization effort.

Movant is not entitled to relief from the automatic stay because: (1) Debtor proved that "cause" does not exist to modify the stay pursuant to section 362(d)(1); and (2) the Debtor has equity in the Property which precludes modification of the stay pursuant to section 362(d)(2). The court therefore finds that the Defendants' Motion for Relief is due to be **DENIED.** An order, consistent with these findings pursuant to Fed. R. Bankr. P. 7052, will be entered separately.

**DONE and ORDERED** this December 18, 2008.

/s/ C. Michael Stilson
C. Michael Stilson
United States Bankruptcy Judge

7

Case 08-72109-CMS13   Doc 30   Filed 12/18/08   Entered 12/18/08 15:49:02   Desc Main
Document      Page 7 of 7